171 F.3d 754
 THE SOUTHERN REGIONAL JOINT BOARD OF UNITE, The May Company
Independent Shareholders Committee, Union of
Needletrades, Industrial and Textile
Employees ("UNITE"),
Plaintiffs-Appellants,
v.
THE MAY DEPARTMENT STORES COMPANY, INC., Defendant-Appellee.
 No. 97-9582.
 United States Court of Appeals,
Second Circuit.
 Argued June 11, 1998.
Decided March 25, 1999.
 
 Eric Seiler, New York, N.Y. (Lance J. Gotko, Friedman Kaplan & Seiler LLP, New York, NY, of counsel), for Plaintiffs-Appellants.
 Robert E. Zimet, New York, N.Y. (Susan L. Saltzstein, William J. Hine, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, of counsel), for Defendant-Appellee.
 BEFORE: NEWMAN, McLAUGHLIN, AND PARKER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Union of Needletrades, Industrial & Textile Employees ("Unite"), The Southern Regional Joint Board of Unite, and The May Company Independent Shareholders Committee (collectively, "UNITE") appeal from the Judgment and Order of the United States District Court for the Southern District of New York, entered November 24, 1997, dismissing UNITE's case for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6) and failure to plead with particularity the circumstances constituting the claim for violation of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 thereunder.
 
 
 2
 Plaintiffs-Appellants brought an action in the district court seeking recovery on two grounds. First, they sought declaratory and injunctive relief on the ground that Defendant-Appellee's proxy solicitations violated Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a); and SEC Rules 14a-4(a), 14a-4(b), and 14a-4(c). Second, they sought declaratory and injunctive relief on the ground that Defendant-Appellee's proxy solicitations contained false and misleading statements in violation of Section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9. Defendant-Appellee moved to dismiss the complaint for failure to state a claim and for failure to plead fraud with particularity. This motion was granted by the district court on November 14, 1997, in Union of Needletrades, Industrial and Textile Employees ("Unite") et al. v. May Department Stores Company, 26 F.Supp.2d 577 (S.D.N.Y.1997). This appeal followed.
 
 
 3
 The record shows that the district court committed no error in granting Defendant-Appellee's motion to dismiss. Accordingly, we affirm the district court for substantially the same reasons stated by the district court in its opinion.
 
 
 4
 The judgment of the district court is hereby AFFIRMED.